UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Key West Division

**Case Number:11-10017-CR-MARTINEZ-SNOW**

UNITED STATES,

vs.

JONATHAN KING,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE SNOW'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Lurana S. Snow, United States Magistrate Judge for a Report and Recommendation on Defendant Jonathan King's Motion to Suppress Evidence and Statements (D.E. No. 40). Magistrate Judge Snow held an evidentiary hearing on this motion on December 12, 2011 and filed a Report and Recommendation (D.E. No. 51), recommending that the motion be denied. The Court has reviewed the entire file and record and has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present. After careful consideration, the Court affirms and adopts Magistrate Judge Snow's Report and Recommendation and discusses Defendant's objections.

Defendant objects to Magistrate Judge Snow's factual finding that he waived "his earlier invocation of his Fifth Amendment Right to remain silent and have counsel present." (D.E. No. 58 at 1). Defendant appears to argue that Magistrate Judge Snow did not adequately explain her finding and that such finding is not supported by the evidence in the record. To the extent, Defendant is also just simply arguing that he did not waive his rights, the Court finds this argument is without merit. The Court has reviewed the transcript of the evidentiary hearing in

this case and finds Defendant's objections are without merit.

Magistrate Judge Snow stated the following in relevant part in her Report and Recommendation:

> Although the evidence is ambiguous, the undersigned assumes for purposes of this analysis that defendant King invoked his right to counsel at the same time as this right was invoked by Holz.
>
> * * *
>
> In the instant case, no Government agent questioned defendant King after Holz expressed his wish for an attorney and instructed King to do the same. It was defendant King who hours later, initiated a conversation with Agent Trajkovic. The agent answered King's question, which King chose to respond to by implicating the vessel owner. At that point, Agent Trajkovic was entitled to re-advise King of his rights and ask if he wished to talk to her outside the presence of an attorney. King signed [and] executed a written waiver of rights and made a statement in his own handwriting, which he subsequently amended. Prior to that time, the defendant was seated in the shade, given water and allowed to smoke. No threats or promises were made to him, and King's statement was at least partially exculpatory, placing most of the blame for the criminal conduct on the vessel owner.

(D.E. No. 51 at 10-11). The Court finds Magistrate Judge Snow's findings are supported by the record.

> At the hearing, Agent Trajkovic testified as follows on the record:
>
> Q. At any time other than with respect to the bug spray, water and or food offers, did you ask Mr. King any questions?
>
> A. He asked me.
>
> Q. Okay. What, if anything, did he say to you?
>
> A. What was going on. He wanted to know what they were being arrested for.
>
> Q. And what did you tell him?
>
> A. I told him that they were being detained and arrested for suspicion of

| | |
|---|---|
| | smuggling, human smuggling and at that point we had already made contact with the owner of the vessel and the vessel owner had denied knowing where his vessel was or who had control of the vessel so at that point it was pretty much like they could have escorted the vessel. |
| Q. | And you told Mr. King these things in response to his question? |
| A. | Yes, I did. |
| Q. | And what, if anything, did he say or do after that? |
| A. | He mentioned that the owner of the vessel had full knowledge of what was going on because he had actually dropped him off at the vessel the Monday prior to the events occurring. |
| Q. | And were there any other conversations that you had with Mr. King at the dock? |
| A. | He continued on to say that the owner of the vessel had told him to go and pick up these two potential buyers of this sailing business; that he had and two of them were, how shall we call it, test sail venture or trip. |
| Q. | And this conversation happened after he asked you what was going on and you told him what you just testified to and then he proceeded to tell you the things that you just testified to as his statements. |
| A. | Yes. |
| Q. | And did you ask him any questions after that? |
| A. | No, sir. |
| Q. | And did you talk to him any more at the dock after that? |
| A. | No, not at the dock. |

(Tr. at 105-106). King was then transported to HIS headquarters and placed in a holding cell. *Id.* at 106-107. After this occurred, his Miranda rights were explained to him. *Id.* at 107. He waived these rights and gave a verbal and then a written statement. *Id.* He later revised this written statement. *Id.* at 108.

The Court finds that it is clear from the record that even if King invoked his right to counsel at an earlier time, he initiated further communication with Agent Trajkovic when he asked her what was going on and what they were being arrested for. When a defendant invokes his right to counsel, he "is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." *Edwards v. Arizona*, 451 U.S. 477, 485 (1981). "An accused waives his previously asserted right to silence or right to counsel when he reinitiates conversation with law enforcement officers." United States v. Nesbitt, 210 Fed. Appx. 975, 976 (11th Cir. 2006). Accordingly, the agrees that Defendant's motion to suppress should be denied. Therefore, it is hereby:

**ADJUDGED** that United States Magistrate Judge Snow's Report and Recommendation (D.E. No. 51) is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that

Defendant Jonathan King's Motion to Suppress Evidence and Statements (D.E. No. 40) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 27 day of December, 2011.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Snow
All Counsel of Record